## South Covington & Cincinnati Street Railway Company v. Moore.

(Decided June 13, 1916.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Pleading—Practice—Amendment of Petition During Trial.—The filing, without objection, of an amended petition, during the trial of the case, to conform to the proof, is not available error on appeal.

2. Street Railroads—Instructions on Subject of Duty and Care of Company.—An instruction telling the jury that if they believe from the evidence that the company exercised the care pointed out in the instruction, they should find for it, is not objectionable on the ground that it put on the railway company the burden of proof.

ROBERT C. SIMMONS for appellant.

JACKSON & WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is an appeal from a judgment of the Kenton circuit court against the appellant company for one thousand dollars awarded appellee for personal injuries sustained, as he claimed, through an unusual and violent movement of the appellant company's car on which he was riding.

Two errors are relied on for reversal: (1) That the court permitted the appellee to file an amended petition after the conclusion of all the evidence, but before instructions were submitted to the jury or argument made; and, (2) that instruction number two given by the court was erroneous.

In the petition the plaintiff charged " * * * that he had been confined to his bed and is unable to perform his usual labor, and thereby has lost time and wages, and will continue to lose time and wages. * * *."

On the trial of the case, during the introduction of evidence, the plaintiff testified without objection to the time he had lost and the wages he was getting, and after all the evidence had been heard, the record shows that the plaintiff "offers an amended petition and moves to file same, and by consent the affirmative allegations contained in said petition are traversed of record." The amended petition so tendered, filed and traversed, merely stated "that the plaintiff has and will lose time and wages by reason of the injuries described in the pleadings and proof in the sum of $336.00."

There was no objection to the filing of this amended petition or claim that the defendant was taken by surprise or motion to continue. Indeed, there is no reason why any objection should have been made to its filing, because the petition itself put the defendant on notice that claim for lost time and wages would be relied on, and evidence supporting this claim was offered and heard without objection.

Instruction number two is the one complained of. This instruction reads as follows:

"If you believe from the evidence, that at the time and place, and under the circumstances described in the proof, plaintiff was not himself in the exercise of ordinary care for his own safety, or if you believe from the evidence, that defendant's agent, the motorman in

charge of the car described in the proof, did exercise the utmost care which careful and prudent persons when engaged in the same or similar business, are accustomed to exercise under the same or similar circumstances to those described in the proof, or if you believe from the evidence that the motorman did not cause said car to go forward with an unusual or unnecessary jerk, or if you believe from the evidence that at or immediately before the time plaintiff fell there was no unusual and unnecessary jerk in the movement of the car, or if you believe from the evidence that plaintiff was not caused to fall by reason of an unusual and unnecessary jerking of the car, then, in either or any of said events, you will find a verdict for defendant."

The objection urged to this instruction is that it put on the defendant the burden of excusing its negligence when the burden all through the case should have been put on the plaintiff to prove the negligence. The first instruction set out the duties that the defendant was under in the operation of its car, and advised the jury that if it committed a breach of these duties they should find for the plaintiff. And the second instruction, which was intended to be and was merely the converse of the first instruction, pointed out the duties the defendant was under, and told the jury that if it discharged these duties they should find for the defendant.

Perhaps it would have been more accurate if this instruction had conveyed to the jury the idea that unless they believed the defendant failed to exercise the degree of care imposed on it, they should find for it. But we think it plain that this instruction was not misleading or prejudicial to the defendant. The issues in the case were very simple, the evidence brief, and the jury could not have failed to understand from instructions one and two the care required of each of the parties, and that if the defendant failed to exercise the degree of care required by instruction number one they should find for the plaintiff, but that if it did exercise this degree of care they should find for the defendant.

The judgment is affirmed.